**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**June 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: C.C.

No. 16-0115 (Raleigh County 14-JA-252)

**MEMORANDUM DECISION**

Petitioner Father J.C., by counsel Steven K. Mancini, appeals the Circuit Court of Raleigh County's January 7, 2016, order terminating his parental rights to C.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Mathew A. Victor, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating the child as abused and neglected and denying his motion for a post-adjudicatory improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2014, the DHHR filed an abuse and neglect petition alleging that petitioner and the mother abused and neglected the child due to the unsanitary conditions of the home, the lack of water service, the presence of drugs and drug paraphernalia throughout the home, and failure to provide the child with proper nutrition. The DHHR also alleged that the child, then nine years old, reported that petitioner drank and drove with him in his car. The DHHR further alleged that petitioner and the mother engaged in domestic violence in the child's presence and the contents of the home were destroyed as a result of the domestic violence. The DHHR alleged

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

that the child was the subject of previous abuse and neglect proceedings and had been removed from petitioner's custody four times in six years.

In November of 2014, the circuit court held a preliminary hearing. At the close of the hearing, the circuit court found probable cause that the child was abused and neglected, was not safe in the home, and that remaining in the home was contrary to the child's best interests. Petitioner was ordered to submit to random drug and alcohol screening.

In January of 2015, the circuit court held an adjudicatory hearing. The circuit court heard testimony from the investigating DHHR worker. At the close of the testimony, the circuit court ordered that the matter be continued and for the child to undergo a forensic psychological examination. In February of 2015, the circuit court held an additional adjudicatory hearing wherein petitioner and the mother testified. At the close of the testimony, the circuit court found that petitioner engaged in domestic violence in the child's presence and adjudicated him as an abusing parent. Thereafter, petitioner filed a motion for a post-adjudicatory improvement period. Subsequent to petitioner's motion, he was charged with sexually assaulting and kidnapping the mother, and was incarcerated as a result. The circuit court determined that, because of the uncertain nature of petitioner's incarceration, he could not be granted a post-adjudicatory improvement period but took the motion under advisement.

At some point prior to August of 2015, petitioner was released from incarceration. In August of 2015, the circuit court held a review hearing wherein it granted petitioner, supervised visitation with the child for one hour per week. In November of 2015, the circuit court held a review hearing wherein testimony was presented indicating that petitioner failed random drug screens for benzodiazapines and opiates and resumed excessive alcohol consumption. The circuit court suspended petitioner's visitation with the child, including telephone contact, and services were terminated. Thereafter, the DHHR filed a motion to terminate petitioner's parental rights to the child. The circuit court conducted an in-camera hearing with the child and noted that the child appeared anxious and exhibited a "rocking motion with his body and fidgety hand motions." During the in-camera hearing, the child indicated that he was happy with his foster parents. He also indicated to the circuit court that petitioner used drugs and alcohol in his presence, drove with him in the car while intoxicated, engaged in domestic violence in his presence, and the he was afraid of petitioner.

In December of 2015, the circuit court held a dispositional hearing and heard testimony from the child's forensic psychologist, a social worker, and petitioner. The forensic psychologist testified that the child indicated to her that his home was not clean and no water was available. She also testified that the child described incidents of domestic violence between petitioner and the mother and drug and alcohol abuse by petitioner and the mother. She further testified that the child expressed a desire not to return home with petitioner or the mother. The child's forensic psychological evaluation was also admitted into evidence. A social worker testified that she monitored phone calls and supervised visits between the child and petitioner. She testified that during one visitation in December of 2015, petitioner told the child that he was going to kidnap him. Petitioner denied threatening to kidnap the child but admitted to failing random drug screens, drinking alcohol in the child's presence, and being homeless and unemployed. At the close of the testimony, the circuit court found that petitioner suffered from a long-standing drug

addiction and exposed the child to drug and alcohol abuse. The circuit court also found that petitioner exposed the child to unsanitary living conditions and domestic violence. The circuit court noted that petitioner was incarcerated for some period of time during the pendency of the case. The circuit court further noted that the child had been removed from petitioner's custody four times in six years. The circuit court found that the child "suffered extensive neglect and abuse while in the custody" of petitioner and concluded that there was no reasonable likelihood that the conditions of abuse or neglect could be corrected in the near future and it was in C.C.'s best interest to terminate petitioner's parental rights. The circuit court terminated petitioner's parental rights by order entered on January 7, 2016. The circuit court also denied petitioner post-termination visitation, finding it to be contrary to C.C's best interests. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in adjudicating the child as an abused and neglected child. In support of his argument, petitioner contends that the domestic violence incidents referred to in the DHHR's petition occurred a year prior to C.C.'s return in the prior abuse and neglect proceeding. He also contends that the home was "wrecked" because of other individuals' behavior, and there was little food and no water service to the home because he did not know that the mother and the child were still living in the home.

An abused child is one whose "health or welfare is harmed or threatened by [a] parent, guardian or custodian who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home." W.Va. Code § 49-1-3 (2012). We have also explained that

> "W.Va. Code, 49-6-2(c) [1980], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing proof.' The statute, however, does not specify any

particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (internal citations omitted).

Despite petitioner's claims to the contrary, the record demonstrates that the circuit court was presented with ample evidence of petitioner's abuse. The child testified, during an in-camera hearing, that he witnessed petitioner's drug and alcohol abuse and incidents of domestic violence between petitioner and the mother. The child testified to the deplorable conditions of the home and expressed a desire not to return home with petitioner because he was afraid of him. The child's testimony was largely corroborated by the testimony of his forensic psychologist, social worker, and his forensic psychological evaluation. The social worker also testified that, during a visit with the child in December of 2015, petitioner threatened to kidnap him. Petitioner also admitted to using drugs and alcohol, being homeless and unemployed. Based upon the record, the evidence of abuse and neglect is sufficient to support the circuit court's findings that petitioner was an abusing parent and that his child was abused and neglected.

Further, this Court finds that the circuit court properly terminated petitioner's parental rights upon a finding that he could not substantially correct the conditions of abuse and neglect in the home. Pursuant to West Virginia Code § 49-4-604(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected and when necessary for the child's welfare. West Virginia Code § 49-4-604(c)(1) also provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when

[t]he abusing parent or parents have habitually abused or are addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning.

In the case at hand, the circuit court found that petitioner suffered from a long-standing drug addiction and exposed the child to drug and alcohol abuse. The circuit court further noted that the child had been removed from petitioner's custody four times in six years for similar issues and that the DHHR put forth considerable efforts in an attempt to rectify petitioner's demonstrated parental deficiencies. For these reasons, termination of petitioner's parental rights was not error.

Next, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period. Specifically, petitioner contends that his supervised visits with the child "went well," there have been no domestic violence incidents in approximately one year and, as a result, he should have been granted a post-adjudicatory improvement period. Upon our review, however, the Court finds that petitioner failed to satisfy the applicable burden to obtain an improvement period.

Pursuant to West Virginia Code § 49-4-610(2)(B), a circuit court may grant a parent an improvement period upon a showing that the parent "is likely to fully participate in the improvement period . . . ." While it is true that a service provider testified that petitioner and the child had a "good rapport," the Court nonetheless finds no abuse of discretion in the circuit court denying petitioner's motion due to his failure to acknowledge the conditions of abuse and neglect in the home. Despite testifying that he no longer had a substance abuse problem, petitioner failed random drug screens and admitted to taking opiates for which he did not have a valid prescription. In spite of evidence to the contrary, petitioner also testified that he did not believe that he had any substance abuse issues that could be addressed with services and he did not need Alcoholics Anonymous ("AA") meetings or a substance abuse rehabilitation treatment program because he went to treatment before but "quit [alcohol abuse on his own] . . . and [has not] had a problem with [drugs or alcohol] since."

We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). While petitioner argues that he is confident in his ability to complete an improvement period, the record indicates otherwise. Petitioner failed to accept responsibility for his substance abuse by denying the truth of the allegations. Moreover, the evidence demonstrated that while petitioner attended AA meetings and substance abuse treatment in the past, he did not fully participate in those services and received no benefit. Petitioner provided no evidence to demonstrate that he would likely fully participate in an improvement period. As such, it is clear that the circuit court did not err in denying petitioner's motion for an improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 7, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II